UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL FARR | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| REDLINE RECOVERY SERVICES, LLC | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, April Farr, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1.   Plaintiff, April Farr, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

## III.   PARTIES

4. Plaintiff, April Farr ("Plaintiff") is an adult natural person residing at 112 Heatherfield Drive, West Columbus, South Carolina 29170.

5. Defendant, Redline Recovery Services, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of South Carolina and the Commonwealth of Pennsylvania with its principal place of business located at 2350 North Forest Road, Suite 31B, Getzville, NY 14068 and a registered office located at 2704 Commerce Drive, Harrisburg, PA 17110.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about October 2, 2009, Plaintiff's parents received a voice mail at their home from Defendant's agent, "Mr. Thomas". Defendant's agent said that he was

calling in regards to a litigation matter on Account # 3106789 and that he needed a call back immediately from the Plaintiff.

8. On or about October 4, 2009, Plaintiff called the Defendant back and spoke personally to Defendant's agent, "Mr. Thomas". "Mr. Thomas", informed the Plaintiff that she was being sued by Bank of America and that she needed to take his settlement offer right then and there.

9. Plaintiff informed the Defendant's agent, "Mr. Thomas", that she was being represented by Persels & Associates, LLC, and that he needed to speak directly with them on this matter.

10. Defendant's agent, "Mr. Thomas", informed the Plaintiff that her "attorneys were frauds" and that she was being scammed.

11. Defendant's agent, "Mr. Thomas", went on to tell the Plaintiff that he would garnish her wages if he didn't receive a payment that day.

12. Plaintiff was told by the Defendant's agent, "Mr. Thomas", that if she didn't make a payment that he was going to freeze all of her bank accounts.

13. Defendant's agent, "Mr. Thomas", told the Plaintiff that she should ask a friend or a family member to open a credit card for her in their name, so that she could borrow the money from it to pay off her debt.

14. Plaintiff tried several times to tell the Defendant's agent, that he really should speak to her attorneys. Defendant's agent, "Mr. Thomas", told Plaintiff again that he would not work with a third party.

15. Plaintiff asked Defendant's agent, "Mr. Thomas", if she could speak to a supervisor, she was given to a "Bob Stewart", who only continued to suggest ways for the Plaintiff to come up with the money to pay off her debt. The agent, "Bob Stewart", suggested that she go and speak to the Human Resources Department at her work and see if she could borrow from her 401k. "Bob Stewart" said that he knew she wouldn't be penalized for this because he knew that she had been at her job for at least ten (10) years.

16. On that same call, Defendant's agent, "Bob Stewart", told the plaintiff that he had tried on several occasions to send her correspondence, but that her attorneys had clearly changed her address and that is why she didn't receive any of them. Plaintiff ended the call.

17. On or about October 6, 2009, Plaintiff received a faxed letter from the Defendant informing her that her account was seriously past due and that she needed to make arrangements to pay the balance of $5,082.17 soon or her account would be forwarded to their lawyers for review. **See Exhibit "A" attached hereto.**

18. On or about October 8, 2009, Plaintiff received another letter from the Defendant offering a settlement on her account in the amount of $2,566.00. The letter stated that the offer expired on October 21, 2009. **See Exhibit "B" attached hereto.**

19. On or about October 9, 2009, Defendant's agent, "Mr. Thomas", called Plaintiff's mother again and spoke to her in detail about the Plaintiff's debt. "Mr. Thomas" informed Plaintiff's mother that they would be garnishing her daughter's wages* so that they could get paid. **\* Note that the State of South Carolina does not have wage garnishment.**

20.	Defendant's agent, "Mr. Thomas", went on to ask the Plaintiff's mother what property was in the Plaintiff's name so that if he had to he could place a judgment on the property.

21.	Defendant's mother then asked Defendant's agent, "Mr. Thomas", to stop calling her home and to contact the Plaintiff's attorneys on anything else regarding this matter.

22.	On or about October 9, 2009, Plaintiff's attorney, Persels & Associates, LLC sent out a cease & desist letter to the Defendant telling them to update their records to reflect their firm as the Defendant's sole contact.  **See Exhibit "C" attached hereto.**

23.	The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

24.	The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

25.	The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26.	At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any money |
| §§ 1692b(3) | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692b(6) | Contact of Third Party: After knowing the consumer is represented by an attorney |

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(b) | With anyone except consumer consumer's attorney or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(2) | Profane language or abusive language |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4) | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure garnishment or attachment |
| §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Redline Recovery Services, LLC and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**
**WARREN & VULLINGS, LLP**

Date:  November 6, 2009        BY: /s/ Brent F. Vullings

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff